### In re HENWOOD & NOWAK.

### Claim of HENWOOD, NOWAK & CO.

District Court, D. Massachusetts. July 16, 1928.

#### No. 37480.

Corporations ⬅428(7)—Subsidiary corporation held chargeable with its president's knowledge of insolvency of parent corporation, obtained while officer of parent corporation.

Subsidiary corporation, to which insolvent parent corporation made payments on indebtedness within four months of bankruptcy, *held* chargeable with knowledge of financial condition of parent corporation, by virtue of knowledge of its president and director, acquired as president, director, and treasurer of parent company, in view of Bankruptcy Act, § 60b, 11 USCA § 96(b).

In Bankruptcy. In the matter of the bankruptcy of Henwood & Nowak, in which

Henwood, Nowak & Co. presented a claim and seeks review of the referee's order holding certain payments to it preferential. Order affirmed.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for petitioners.

Francis T. Leahy, of Boston, Mass., for respondent.

MORTON, District Judge. Henwood & Nowak, a corporation, owned most of the stock in Henwood, Nowak & Co., another corporation. The same person was president of both, a director in each, and treasurer of Henwood & Nowak. "He was active in the management of each company, and well acquainted with the financial condition of each." Referee's Certificate, p. 2. The first-named corporation was insolvent and was indebted to its subsidiary. While in this condition, and within four months of its bankruptcy, it made substantial payments to the subsidiary.

The learned referee, being of opinion that Henwood's knowledge as an official of the parent corporation of its financial condition was attributable to the second corporation, because of his connection with it, held that the payments were preferential. The correctness of this ruling is brought up for review by the present proceeding.

The principle of law involved lends itself to much refinement, and the decisions involving it are not in complete agreement. Speaking generally, where X, agent of A, had knowledge which would affect transactions entered into as such agent, A is bound by the knowledge, unless it was gained by X in a confidential capacity, or a violation of his duties under the agency is involved. Section 60b of the Bankruptcy Act (11 USCA § 96 [b]) expressly provides that the agent's knowledge shall bind the creditor. In Rogers v. American Halibut Co., the defendant's business manager, while insolvent, made payments on his indebtedness to it. It was held that the defendant was chargeable with the manager's knowledge of his own insolvency. Rogers v. American Halibut Co., 216 Mass. at page 230, 103 N. E. 689. The present case is stronger against the defendant than the Rogers Case, because here both concerns—i. e., the debtor and the creditor—appear to have been parts of the same general business organization. Henwood's knowledge as an official of the parent corporation was also his knowledge as an official of the subsidiary. Any other rule might open the door to great frauds.

The order of the referee is affirmed.